Westlaw

Not Reported in F.Supp.                                                                                                Page 1
Not Reported in F.Supp., 1992 WL 102762 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

C

Republic of Venezuela ex rel. Garrido v. Philip Morris Cos., Inc.
S.D.Fla.,1999.
Only the Westlaw citation is currently available.
United States District Court,S.D. Florida.
The REPUBLIC OF VENEZUELA, by and through is Attorney General, Juan Nepomuceno Garrido, Plaintiff,
v.
PHILIP MORRIS COMPANIES, INC., et al., Defendants.
**No. 99-0586-Civ.**

April 28, 1999.

Aaron Samuel Podhurst, Steven Craig Marks, Podhurst Orseck Josefsberg et al, Miami, FL, for Plaintiff.
Ralph Benjamine Reid, Douglas Joseph Chumbley, Amy E. Furness, Carlton Fields Ward Emmanuel Smith & Cutler, James Martin McCann, Jr., Bernardo Burstein, Akerman Senterfitt & Eidson, Edward A. Moss, Shook Hardy & Bacon, David Lee Ross, Greenberg Traurig Hoffman Lipoff Rosen & Quentel, Jose E. Martinez, Martinez & Gutierrez, Miami, FL, Herbert M. Wachtell, David Gruenstein, John Lynch, Wachtell Lipton Rosen & Katz, Daniel F. Kolb, Ola N. Rech, Davis Polk & Wardell, Joseph McLaughlin, Jill Owens, Simpson Thacher & Bartlett, Steven Klugman, Steven S. Michaels, Debevoise & Plimpton, New York, NY, Robert F. McDermott, Jr., Paul Ryerson, Jones Day Reavis & Pogue, Kenneth C. Bass, III, Leigh Hyer, Kirkland & Ellis, Patrick Davies, Covington & Burling, Washington, DC, David M. Bernick, Kirkland & Ellis, Chicago, IL, Gene E. Voigts, Richard L. Gray, Shook Hardy & Bacon, Kansas City, MO, for Defendants.

*ORDER ON MOTION TO STAY AND REQUESTS FOR HEARING AND ORAL ARGUMENT*
UNGARO-BENAGES, J.
**\*1** THIS CAUSE is before the Court upon the following Motions: (1) Plaintiff's Request for Oral Argument (DE-5), filed March 12, 1999; (2) Plaintiff's Request for an Expedited Hearing on the Motion for Remand (DE-14), filed April 5, 1999; (3) Plaintiff's Notice of MDL Hearing, and Renewed Request for Expedited Oral Argument on Motion to Remand (DE-17), filed April 19, 1999; and (4) Certain Defendants' Motion to Stay Consideration of Plaintiff's Motion to Remand ("Motion to Stay"),[FN1] filed April 21, 1999.

> FN1. The moving Defendants in the Motion to Stay are as follows: R.J. Reynolds Tobacco Company; RJR Nabisco, Inc.; Philip Morris Companies, Inc.; Philip Morris Incorporated; and Lorillard Tobacco Company (collectively "Moving Defendants").

THE COURT has reviewed the Motion and Requests, Plaintiff's Response to the Motion to Stay, the pertinent portions of the record, and is otherwise fully advised in the premises.

In this twelve-count Action originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Plaintiff The Republic of Venezuela (the "Republic"), seeks damages from Defendants [FN2] due to, *inter alia,* costs allegedly incurred as a result of paying for "medical care, facilities and services" for Venezuelan residents injured as a result of the use of tobacco. On February 26, 1999, all but four of the eighteen Defendants filed a single Notice of Removal of Plaintiff's action to this Court (DE-1). One of the four non-moving Defendants subsequently filed a Consent to Removal (DE-2). Thereafter, Plaintiff filed a Motion for Remand which is currently pending before this Court.

> FN2. The named Defendants are as follows: Philip Morris Companies Inc.; Philip Morris Incorporated; (Philip Morris U.S.A.); R.J. Reynolds Tobacco Company; RJR Nabisco, Inc.; B.A.T. Industries, PLC; British American Tobacco Co., Ltd.; Batus Holdings, Inc.; Brown & Williamson Tobacco Corp.; Liggett Group, Inc.; Liggett & Myers, Inc.; Lorillard Tobacco Company; Lorillard Corp.; Loews Corp.; The American Tobacco Company; American Brands, Inc.; The Brooke Group Ltd., Inc.; The Tobacco Institute, Inc.; and The Council for Tobacco Research-U.S.A, Inc. f/k/a Tobacco Institute Research Committee.

Prior to the action being removed to this Court,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1991 WL 13725 (D.N.J.)
**(Cite as: Not Reported in F.Supp.)**

however, Defendants Philip Morris Incorporated, R.J. Reynolds Tobacco Company, and Lorillard Tobacco Company filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") seeking to have this and five other actions consolidated for pre-trial proceedings in the District of Columbia.[FN3] The Moving Defendants now seek to have this Court stay consideration of Plaintiff's Motion to Remand pending the JPML's determination of the Motion to Transfer and Consolidate Actions for Pretrial Proceedings. The JPML will conduct a hearing on the Motion to Transfer and Consolidate on May 21, 1999.

> FN3. The five other actions have been brought by The Kingdom of Thailand, and the Republics of Bolivia, Panama, Nicaragua, and Guatemala.

A district court has the discretion to stay its proceedings. This power is derived from and incidental to a court's inherent power to control the disposition of cases on its docket and ensure a "fair and efficient" adjudication of matters. *See Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir.1983). See also Landis v. North Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).* If granting the stay prejudices the non-movant, the movant must clearly demonstrate hardship or inequity. *See Gold,* 723 at 1076.

Upon consideration of Moving Defendants' and Plaintiff's arguments regarding the Motion to Stay, the Court finds cause for granting a stay pending the JPML's decision of the Motion to Transfer and Consolidate. Moreover, upon consideration of what effect a brief stay may have on Plaintiff's Motion to Remand, the Court finds that Plaintiff will not be prejudiced by the granting of a stay pending the JPML's decision.

**\*2** Accordingly, it is hereby

ORDERED AND ADJUDGED that Certain Defendants' Motion to Stay Consideration of Plaintiff's Motion to Remand is GRANTED. This Action, including Plaintiff's pending Motion for Remand, is STAYED pending further notice from the JPML. It is further

ORDERED AND ADJUDGED that Plaintiff's Requests for Oral Argument (DE-5), for an Expedited Hearing on the Motion for Remand (DE-14), and for Expedited Oral Argument on Motion to Remand (DE-17) are DENIED.

DONE AND ORDERED

S.D.Fla.,1999.
Republic of Venezuela ex rel. Garrido v. Philip Morris Cos., Inc.
Not Reported in F.Supp.2d, 1999 WL 33911677 (S.D.Fla.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1991 WL 13725 (D.N.J.)  
**(Cite as: Not Reported in F.Supp.)**

American Seafood, Inc. v. Magnolia Processing, Inc.  
E.D.Pa.,1992.  
Only the Westlaw citation is currently available.  
United States District Court, E.D. Pennsylvania.  
AMERICAN SEAFOOD, INC.  
v.  
MAGNOLIA PROCESSING., INC., et al.  
LEVY WORLD LIMITED PARTNERSHIP  
v.  
MAGNOLIA PROCESSING, INC., et al.  
**Civ. A. Nos. 92-1030, 92-1086.**

May 7, 1992.

Frank D'Amico, Jr., New Orleans, La., Warren Rubin, Gross & Metzger, P.C., Philadelphia, Pa., for American Seafood, Inc.  
Fred C. De Long, Jr., Campbell, De Long, Hagwood & Wade, Greenville, Miss., for Magnolia Processing, Inc.  
Charles J. Bloom, Kleinbard, Bell & Brecker, Philadelphia, Pa., Robert Fleishman, Washington, D.C., for Delta Pride Catfish, Inc.  
Carl W. Hittinger, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., John F. Beukema, Faegre & Benson, Minneapolis, Minn., for Farm Fresh Catfish Company.  
George E. Rahn, Jr., Piper & Marbury, Philadelphia, Pa., William F. Hargens, McGrath, North, Mallin & Kratz, P.C., Omaha, Neb., for Country Skillet Catfish Company, Inc.  
Steven J. Greenfogel, Meredith & Cohen, Philadelphia, Pa., Michael J. Freed, Much, Shelist, Freed, Denenberg, Ament & Eiger, Chicago, Ill., Krishna B. Narine, Meredith & Cohen, P.C., Warren Rubin, Gross & Metzger, P.C., Philadelphia, Pa., for Levy World Limited Partnership.  
Douglas Evan Ress, Kaufman, Coren & Ress, Philadelphia, Pa., Frank W. Trapp, Jackson, Miss., for Simmons Farm Raised Catfish, Inc.

*MEMORANDUM AND ORDER*  
HUTTON, District Judge.  
**\*1** Presently before the Court are three pending motions for a stay of the proceedings in the above captioned matters. The first is the United States' Motion for Limited Intervention and for Stay of Discovery. The second is the motion of two defendants for a stay of all proceedings pending the completion of the criminal prosecutions in these matters. The third is a motion by one defendant for a stay of all proceedings in the above captioned matters until the Judicial Panel on Multidistrict Litigation [JPML] decides the pending motion to transfer. Responses have been filed to all of the above motions, and all are ripe for disposition. For the following reasons, the Court will grant the motion to stay pending the JPML decision and deny the United States motion and the motion to stay pending completion of the criminal prosecutions without prejudice and with leave to renew.

There are at least six pending civil actions in the federal district courts which concern the alleged antitrust violations of the defendant catfish producers. Four are pending in the Northern District of Mississippi and two are pending before this Court in the Eastern District of Pennsylvania. The criminal action is also pending in this district before this Court. One defendant has already pled guilty in the criminal action and has been sentenced. The grand jury investigation is still proceeding in this district. Similar motions have been filed in this Court and the Mississippi Court regarding possible class actions and a possible stay of all proceedings. The plaintiffs in the Mississippi actions have moved the JPML for consolidation of all of the cases and a transfer of all cases to the Northern District of Mississippi. The Pennsylvania plaintiffs have responded in opposition and have moved for a transfer of all civil actions to this Court. A hearing before the JPML has been scheduled on the motion for May 29, 1992. All of the parties in the Mississippi litigation have agreed to stay merit discovery pending the outcome of the JPML hearing.

There are motions for class action certification pending in both of the above captioned cases. Responses to those motions are not due until May 15, 1992. Also pending are five recently filed motions to dismiss or transfer venue to the Northern District of Mississippi filed by four of the defendants. Pursuant to stipulation the defendants were permitted to respond to plaintiffs' discovery requests by April 30, 1992.

The power of a court to stay proceedings is within the discretion of the district court. The power derives from and is incidental to the power of every court to manage the cases on its docket to ensure a fair and efficient adjudication. *Gold v. Johns Manville Sales Corp.,* 723 F.2d 1068, 1077 (3d Cir.1983). The



Not Reported in F.Supp.  
Not Reported in F.Supp., 1991 WL 13725 (D.N.J.)  
**(Cite as: Not Reported in F.Supp.)**

Page 4

party seeking the stay must demonstrate a clear case of hardship or inequity if granting that stay would prejudice the non-moving party. *Id.* at 1076. The plaintiffs will not be substantially prejudiced by staying this action pending the decision of the JPML. The stay which the Court orders will only be in effect until the JPML issues its decision. Therefore, there will be no extended delay in the commencement of discovery.

**\*2** Moreover, any prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants. As of the date of this Memorandum, there are six pending motions which impact either substantive legal issues or the important procedural questions of class action certification. These issues should be addressed by the court to which all of the pending civil actions are assigned. In addition, there are the two related motions for stay filed by the United States and one of the defendants. These stay issues should also be addressed by the transferee court. If this Court were not to stay the proceedings in these two cases, the Court will have to consider the motions to dismiss and the motions for class action certification. This Court's rulings on those motions may conflict with the decisions of the Northern District of Mississippi which has in front of it similar motions. The result is that the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay. *Arthur-Magna, Inc. v. Del-Val Financial Corp.,* 1991 WL 13725 (D.N.J.1991); *Portnoy v. Zenith Laboratories,* 1987 WL 10236 (D.D.C.1987).

This Court agrees with the plaintiffs that the Court is not required to stay proceedings simply because there is a motion pending before the JPML. *Rule 18 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.* This Court agrees with the court in *Arthur-Magna* which held that Rule 18 allows the court to proceed with the case but does not require the court to do so, if the court determines that a stay is in the interest of fairness. This Court has determined that a stay pending the disposition of the JPML motion is appropriate under the circumstances. The JPML Rules or enabling statute are not in conflict with the decision to stay.

The Court is denying the motions for stay pending the outcome of the criminal proceedings at this time, because that issue is more appropriate for the transferee court. Therefore, the case of *Weil v. Markowitz,* 824 F.2d 166 (D.C.Cir.1987), which is cited by the plaintiffs is inapposite. Another case cited by the plaintiffs, *Hachette Distribution, Inc. v. Hudson County News Co.,* 136 F.R.D. 356, 358 (S.D.N.Y.1991), states that a stay of discovery should be considered on a case by case basis. The Court further notes that the district court has the inherent power to stay discovery pending dispositive motions or preliminary questions of jurisdiction. *Id.* It must be noted that in the *Hachette* case, the court considered the fact that not all of the defendants were moving for a stay to be extremely relevant. All defendants in this case have moved for a stay of the proceedings. The stay granted by this Order is temporary and warranted in light of the substantial prejudice to the defendants and considerations of judicial economy. Duplicative motion practice and discovery heavily outweigh the possible prejudice the short period of time that the proceedings are stayed will cause the plaintiffs. Discovery on class certification and JPML issues will be allowed to proceed. An appropriate Order follows.

*ORDER*

**\*3** AND NOW, this 6th day of May, 1992, upon consideration of:

1. The Motion of the United States For Limited Intervention Under Rule 24 and For Stay of Discovery under Rule 26(c), the responses of the Plaintiffs in Opposition, and the Memoranda of the Defendant's in Support;

2. The Motion of Defendants, Fishland, Inc. and Delta Pride Catfish, Inc., for a Stay of All Proceedings, the response of the Plaintiffs, and the Defendants' Reply; and

3. The Motion of Defendant Country Skillet Catfish Company, Inc. for an Order Staying Further Proceedings Pending A Ruling by the Judicial Panel on Multidistrict Litigation, the response of the Plaintiffs and the Defendant's Reply,

IT IS HEREBY ORDERED that:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 13725 (D.N.J.)
**(Cite as: Not Reported in F.Supp.)**

Page 5

1. The Motion of the United States For Limited Intervention Under Rule 24 is DENIED without prejudice and with leave to renew;

2. The Motion of the United States For Stay of Discovery under Rule 26(c) is DENIED without prejudice and with leave to renew;

3. The Motion of Defendants, Fishland, Inc. and Delta Pride Catfish, Inc., for a Stay of All Proceedings is DENIED without prejudice and with leave to renew;

4. The Motion of Defendant Country Skillet Catfish Company, Inc. for an Order Staying Further Proceedings Pending A Ruling by the Judicial Panel on Multidistrict Litigation is GRANTED; and

5. All proceedings and discovery except for discovery pertaining to class certification or JPML issues in the above captioned matter are stayed pending the decision of the Judicial Panel on Multidistrict Litigation or a further Order of this Court.

E.D.Pa.,1992.
American Seafood, Inc. v. Magnolia Processing, Inc.
Not Reported in F.Supp., 1992 WL 102762 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp. Page 6
Not Reported in F.Supp., 1991 WL 13725 (D.N.J.)
**(Cite as: Not Reported in F.Supp.)**

C

Arthur-Magna, Inc. v. Del-Val Financial Corp.
D.N.J.,1991.
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.
ARTHUR-MAGNA, INC., Plaintiff,
v.
DEL-VAL FINANCIAL CORPORATION, et al.,
Defendants.
**CIV.A. No. 90-4378.**

Feb. 1, 1991.

Andrew T. Berry, McCarter & English, Newark, N.J., for defendant Del-Val Financial Corporation, Melvin C. Garbow, Peter M. Kreindler, Kenneth V. Handal, Craig A. Newman, Jeffrey R. Mendelsohn, Arnold & Porter, New York City, of counsel.
Jody B. Keltz, Ross & Hardies, Somerset, N.J., for defendants Roger D. Stern, Martin Wright and Joel Zbar; Peter I. Livingston, Philip Goldstein, Ross & Hardies, New York City, of counsel.
Frederick L. Whitmer, Pitney, Hardin, Kipp & Szuch, Morristown, N.J., for defendants Interstate/Johnson Lane and J. Craighill Redwine; Ann C. Flannery, Kevin T. Rover, John M. Vassos, Morgan, Lewis & Bockius, New York City, of counsel.
Kaplan & Kilsheimer, -and- I. Stephen Rabin, New York City for plaintiffs in *Rye, et al. v. Del-Val Financial Corp.,* Civil Action No. 90 Civ. 7207 (S.D.N.Y.).
Abbey & Ellis, New York City, for plaintiffs in *Amer v. Roger D. Stern, et al.,* Civil Action No. 90 Civ. 7028 (S.D.N.Y.).
Tenzer, Greenblatt, Fallon & Kaplan, New York City, -and- Morris, Rosenthal, Monhait & Gross P.A., Wilmington, Del., for plaintiffs in *Shirley Green Horowitz Revocable Trust, et al. v. Del-Val Financial Corp., et al.,* Civil Action No. 90-661 (D.Del.).
Goldstein, Till, Lite & Reifen, Newark, N.J., -and- Stull, Stull & Brody, New York City, for plaintiffs in *Howard Browner v. Del-Val Financial Corp., et al.,* Civil Action No. 90-4320 (D.N.J.) and *Nala Management Corporation Profit Sharing Trust DTD 12-15-90 v. Del-Val Financial Corp.,* Civil Action No. 90-4630 (D.N.J.).
Kaplan Kilsheimer, New York City.
Catalano & Sparber, New York City, for defendants LW Industries and I & J. Wire Corp. in *Rita M. Cole, et al. v. Kenbee Management, Inc., et al.,* Civil Action No. 90 Civ. 7273 (S.D.N.Y.).
Herman Rogge, New York City, for defendant in *Rita M. Cole, et al. v. Kenbee Management, Inc., et al.,* Civil Action No. 90 Civ. 7273 (S.D.N.Y.).
Lowey, Dannenberg, Bemporad, Brachtl & Selinger, P.C., New York City, for plaintiffs in *Stanley Newman, et al. v. Roger D. Stern, et al.,* Civil Action No. 90 Civ. 6921 (S.D.N.Y.).
Frankel, Herdwick, Tannenbaum, Fink & Clark, Atlanta, Ga., for Elmon L. Vernier, Jr. in *Arthur-Magna, Inc. v. Del-Val Financial Corp., et al.,* Civil Action No. 90-4378 (D.N.J.).
Richard D. Greenfield, Mark C. Rifkin, Greenfield & Chimicles, Haverford, Pa., for plaintiff.
Andrew T. Berry, McCarter & English, Newark, N.J., for defendant Del-Val Financial Corporation.

*OPINION*
WOLIN, District Judge
**\*1** Before the Court is a motion by defendants to temporarily stay all litigation pending resolution by the Judicial Panel on Multidistrict Litigation ("Jud. Panel Multidist. Lit.") of defendants' motion, pursuant to 28 U.S.C. § 1407, for multidistrict consolidation. For the following reasons, the Court will exercise its discretion in granting the motion.

On December 14, 1990 a motion was filed with the Panel by certain of the defendants seeking transfer of the actions to the Southern District of New York for consolidation of pretrial proceedings pursuant to 28 U.S.C. § 1407.

The power to stay proceedings is discretionary. The Supreme Court has described the power to stay proceedings as "incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication." *Gold v. Johns Manville Sales Corp.,* 723 F.2d 1068, 1077 (3rd Cir.1983) (citing *Landis v. North America Co.,* 299 U.S. 248, 254-255 (1936). The Third Circuit has adhered to the standard that petitioner must "demonstrate a 'clear case of hardship or inequity' if there is even a 'fair possibility' that the stay would work damage on another party." *Id.* at 1076 (citing *Landis,* 299 U.S. at 255).

Plaintiffs have themselves admitted that it is not likely that much pretrial discovery will take place between the date of this order and the issuance of the Panel's order on defendants' motion for consolidation.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1988 WL 49065 (S.D.N.Y.), 1988-1 Trade Cases P 68,015
**(Cite as: Not Reported in F.Supp.)**

Page 7

In spite of this admission, plaintiffs have asserted that a temporary stay will constitute a prejudicial delay.

The Court finds that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay. Section 1407 of 28 U.S.C. exists for the express purpose of coordination of pretrial proceedings. See 28 U.S.C. § 1407. The actions before this Court are two of ten actions currently pending in United States District Courts for the District of New Jersey, Southern District of New York, and District of Delaware. The Court notes that the parties and issues of fact are common in all of the actions and that if separate discovery were to go forward, much work would be duplicated.

Plaintiffs argue that Rule 18 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation precludes the grant of a stay. Rule 18 provides as follows:

The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the panel concerning transfer or remand of an action pursuant to 28 U.S.C. 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

R.P. Jud. Panel Multidist. Lit. 18. Plaintiffs assert that the Rule mandates that the district court retain jurisdiction of pretrial proceedings during the pendency of a transfer motion before the Panel. The Court finds, however, that Rule 18 of Procedure merely allows a transferee court to retain jurisdiction over pretrial proceedings during the pendency of a motion before the Panel if it judges it fair to all of the parties involved to do so. For the reasons cited above, the Court does not find that the balance of hardship weighs in favor of plaintiffs.

**\*2** Plaintiffs also argue that there is a good chance that the parties will coordinate pretrial discovery. This is outside of the Court's calculation. The Court is to examine the likelihood of duplicative discovery in the event that the parties are free to engage in any discovery practices.

For these reasons, the Court will stay its participation in this litigation.

An appropriate order is attached.

### *ORDER*

For the reasons expressed in the Court's Opinion filed herewith,

It is on this 1st day of February, 1991,

ORDERED that defendant's motion to stay this action pending resolution of defendant's motion for consolidation is granted; and it is further

ORDERED that the parties shall immediately inform the Court of the Multi-District Litigation Panel's decision and the stay shall be lifted.

D.N.J.,1991.
Arthur-Magna, Inc. v. Del-Val Financial Corp.
Not Reported in F.Supp., 1991 WL 13725 (D.N.J.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1988 WL 49065 (S.D.N.Y.), 1988-1 Trade Cases P 68,015  
**(Cite as: Not Reported in F.Supp.)**

Page 8

C  
Rosenfeld v. Hartford Fire Ins. Co.  
S.D.N.Y.,1988.

United States District Court, S.D. New York.  
Henry L. ROSENFELD, trading as Mobile Check Cash, a partnership, on behalf of itself and all others similarly situated, Plaintiff,  
v.  
HARTFORD FIRE INSURANCE COMPANY, et al. Defendants.  
ACE CHECK CASHING, INC., on behalf of itself and all others similarly situated, Plaintiff,  
v.  
HARTFORD FIRE INSURANCE COMPANY, et al. Defendants.  
**Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL).**

May 12, 1988.

OPINION AND ORDER  
LOWE, District Judge.  
**\*1** The above-captioned actions are two of a growing number of antitrust complaints brought against participants in the commercial general liability insurance and reinsurance industry. The actions allege that the defendants have entered into various conspiracies and boycotts with respect to the terms and conditions upon which commercial general liability and property insurance is sold.

The first eight complaints were filed in the Northern District of California on March 22 and 23, 1988 by the Attorneys General of Alabama, Arizona, California, Massachusetts, Minnesota, New York, West Virginia and Wisconsin. Beginning on March 25, 1988, at least twelve private actions have been brought in six districts throughout the country. The above-captioned cases are two of these twelve.

Each of the private complaints, as do these two, names defendants also named by the states. Most of the private actions name thirty of the same thirty-two defendants as are named in the government complaints. Each private action closely tracks the complaints in the government actions. The private actions seek certification of a nationwide class of all private purchasers, or some subset of the purchasers, of commercial general liability insurance from the four primary insurer defendants.

On April 19, 1988 all defendants who had been served joined in filing a motion pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation (the "Panel") seeking transfer to and consolidation of all federal actions for purposes of pretrial proceedings in the Northern District of California. Plaintiffs in the two instant actions oppose the transfer and consolidation.

Presently before this Court are two consolidated motions on behalf of all defendants to stay the proceedings in the two instant actions pending the outcome of the motion to transfer and consolidate before the Panel.

DISCUSSION

Procedures in complex multidistrict litigation are governed by 28 U.S.C. § 1407 and by the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("Rules"). Section 1407 establishes the Panel and outlines the criteria the Panel shall take into consideration when deciding whether to transfer cases to a single district for coordinated or consolidated pretrial proceedings. Section 1407(a) authorizes the Panel to transfer and coordinate cases pending in different districts when they have "one or more common questions of fact", "for the convenience of parties and witnesses" and when the transfer "will promote the just and efficient conduct of such actions."

The Panel may initiate proceedings to determine if transfer is appropriate, or one of the parties may file a motion before the Panel. 28 U.S.C. § 1407(c)(i) and (ii).

A motion pending before the Panel in no way limits or suspends the pretrial jurisdiction of the district court in which an individual action is pending. Rule 16.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.
Not Reported in F.Supp., 1987 WL 10236 (D.D.C.)
**(Cite as: Not Reported in F.Supp.)**

Page 9

In *Landis v. North American Co.,* 299 U.S. 248 (1936), the Supreme Court held that courts have the power to stay proceedings in one action pending the decision of another action. In doing so the Court stated: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.,* 299 U.S. at 254. In these two actions the defendants are not asking this Court to stay the proceedings pending the outcome of another action; instead, they seek to stay these actions pending a decision by the Panel on these very actions, among others. Therefore, the Supreme Court's caution to apply stays in the former situation "[o]nly in rare circumstances" is inapposite. *Id.,* 299 U.S. at 255. On the other hand, the Court's statement that stays can be granted with economy of time and resources in mind is completely applicable.

We find that stays are warranted in these two actions to further the underlying purposes of coordination of multidistrict litigation: "to promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Cases are transferred and consolidated under § 1407 expressly for coordination of pretrial proceedings. The defendants would be enormously burdened if they were forced to submit answers, to answer interrogatories, to produce documents, and to reply to class certification and other motions separately on all twenty actions. If these two cases are not stayed, the defendants certainly would be required to duplicate much work.

**\*2** On the other hand, the plaintiffs in these two actions are not similarly burdened. While they may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than was lost.

As stated earlier, the plaintiffs oppose the defendants' motion to have their cases transferred to California. The plaintiffs wish to have the litigation coordinated in New York and have the other pending cases transferred to this district. The plaintiffs assert that, if this Court stays these actions, the Panel will be influenced to transfer the cases to California, where the defendants have not moved for stays. We have no control over the Panel, nor over the defendants' actions in cases pending in other districts. We therefore make our decision based on the principal of judicial economy espoused in § 1407. We find that judicial resources and the defendants' resources may well be fruitlessly spent if a stay is not granted pending the outcome of the Panel's decision on the transfer motion.

We therefore stay both 88 Civ. 2153 and 88 Civ. 2252 until the Panel decides the motion filed by defendants on April 19, 1988 to coordinate and transfer the cases to the Northern District of California. The actions shall be placed on this Court's suspense calendar pending a decision by the Panel.

It Is So Ordered.

S.D.N.Y.,1988.
Rosenfeld v. Hartford Fire Ins. Co.
Not Reported in F.Supp., 1988 WL 49065 (S.D.N.Y.), 1988-1 Trade Cases P 68,015

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1987 WL 10236 (D.D.C.)  
**(Cite as: Not Reported in F.Supp.)**

Page 10

Portnoy v. Zenith Laboratories  
D.D.C., 1987.  
Only the Westlaw citation is currently available.  
United States District Court, District of Columbia.  
Ian K. Portnoy, et al., Plaintiffs,  
v.  
Zenith Laboratories, et al., Defendants.  
**Civ. A. No. 86-3512.**

April 21, 1987.

ORDER

CHARLES R. RICHEY, District Judge.

*1 Defendants have moved to defer the status call in the above-captioned case, which is scheduled for April 24, 1987, and to stay all other aspects of this suit until the Judicial Panel on Multidistrict Litigation decides whether to transfer this action to the United States District Court for the District of New Jersey, where allegedly similar actions are pending. Because the Court finds that there is good cause for entering a stay in this action and that a stay will not unduly delay the progress of this litigation, it will grant defendants' motions.

The Judicial Panel on Multidistrict Litigation Rules has, consistent with Rule 16 of that Panel's Rules of Procedure, ruled that a Court need not suspend proceedings merely because a party to a case has filed a petition for transfer with the Multidistrict Litigation Panel. See, e.g., In re Data General Corp., 510 F. Supp. 1220 (Jud. Pan. Mult. Lit. 1979). Plaintiffs are wrong, however, to paint this principle as a bar against a stay while a petition for transfer is pending. Rather, the law gives a Court deference to decide whether, in the circumstances of the particular case, justice would best be furthered by a stay of proceedings in the putative transferor court. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3866 (1986).

The Court agrees with defendants that a stay of proceedings in this forum, pending a decision on transfer by the Judicial Panel on Multidistrict Litigation, might well further judicial economy. The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pre-trial tasks. See 28 U.S.C. § 1407. Because the Court finds that it would be most efficient to avoid such duplication, the Court finds that a stay is in the interests of all parties.

The Court also finds that the delay that will result from this stay will be minimal. The Court has learned that the Multidistrict Litigation Panel has scheduled a hearing on the petition for transfer on May 21, 1987, only a month away. Moreover, as plaintiffs have agreed not to conduct discovery in this case, the delay will not affect their ability to prepare their case. As such, the Court does not believe that plaintiffs will be prejudiced by a short-term stay of this action.

Accordingly, it is this 21st day of April, 1987,

ORDERED that defendants' motion for a stay of all proceedings in this case shall be, and hereby is, granted; and it is

FURTHER ORDERED that the status call previously scheduled in this case for April 24, 1987 at 3:00PM shall be, and hereby is, cancelled.

D.D.C., 1987.  
Portnoy v. Zenith Laboratories  
Not Reported in F.Supp., 1987 WL 10236 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 83788 (E.D.La.)
**(Cite as: Not Reported in F.Supp.)**

Boudreaux v. Metropolitan Life Ins. Co.
E.D.La.,1995.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana
CALVIN BOUDREAUX, et al.
v.
METROPOLITAN LIFE INS. CO., et al.
**Civ. A. No. 95-138.**

Feb. 24, 1995.

*ORDER GRANTING MOTION FOR A STAY*
VANCE, District Judge.

***1** This matter is before the Court on a motion by defendant Metropolitan Life Insurance Company ("Metropolitan") to stay the proceedings in this Court during the pendency of a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. Alternatively, Metropolitan seeks to continue the hearing on plaintiffs' motion to remand, which is presently scheduled for March 8, 1995. In connection with the requested continuance, Metropolitan seeks leave of court to conduct discovery on the issue of the subject matter jurisdiction of this Court and to propound in excess of twenty-five interrogatories. Because the Court finds that a stay of proceedings is appropriate, it does not reach defendant's alternative requests.

I. BACKGROUND

Plaintiffs are residents of Louisiana who filed a class action petition against Metropolitan, a New York corporation, and Dr. Samuel Logan, a resident of Louisiana, in state court on November 23, 1994. Plaintiffs are employees of Johns Manville Corporation at its Marrero, Louisiana plant, family members of such employees, or persons who lived in the vicinity of the Marrero plant in Marrero. Johns Manville's Marrero plant manufactures asbestos cement products, including pipe, building products and roofing materials. Plaintiffs allege injury from exposure to asbestos fibers as well as intentional concealment of the hazardous nature of asbestos fibers.

Defendant removed the case, asserting that this Court has diversity jurisdiction over the action because plaintiffs fraudulently joined Dr. Logan, the non-diverse defendant, and because plaintiffs seek damages of greater than $50,000. Plaintiffs filed a motion to remand the action to state court on January 24, 1995. On January 25, 1995, Metropolitan requested that the Judicial Panel on Multidistrict Litigation ("the Panel") transfer the case to the Eastern District of Pennsylvania, where multidistrict litigation is pending. A conditional transfer order was issued by the Panel on February 2, 1995.

Metropolitan now seeks a stay of the proceedings in this Court during the pendency of the Panel's conditional transfer order. Metropolitan asserts that the Pennsylvania district court has authority to rule on plaintiffs' motion to remand and, in fact, should decide the motion because similar issues could arise in other transferred cases. Alternatively, Metropolitan seeks to continue the hearing on the motion to remand presently scheduled for March 8, 1995 to permit discovery on the issues of fraudulent joinder of Dr. Logan and the amount in controversy as to all plaintiffs.

II. ANALYSIS

a. Stay of proceedings

The pendency of the transfer order does not in any way defeat or limit the authority of this Court to rule upon matters properly presented to it for decision. *In re Air Crash at Paris, France,* 376 F.Supp. 887 (JPML 1974). The decision whether to stay proceedings is discretionary, and the exercise of discretion is guided by the policies of justice and efficiency. *Id.; In re Ivy,* 901 F.2d 7, 9 (2d Cir.1990). *See also* H.R.Rep. No. 1130, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.Code Cong. & Admin. News 1898, 1900 ("It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained.").

***2** In this case, judicial economy would be served by a stay pending the transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the Eastern District of Pennsylvania. *In re Ivy,* 901 F.2d at 9. The transferee judge "certainly has the power to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 12
Not Reported in F.Supp.2d, 1999 WL 33911677 (S.D.Fla.)
**(Cite as: Not Reported in F.Supp.2d)**

determine the question of remand," and if the remand issues are common to many of the asbestos cases, decision by the transferee judge would avoid "duplicative discovery and conflicting pretrial rulings." *In re Air Crash Disaster at Florida,* 368 F.Supp. 812, 813 (JPML 1973).

In this case, Metropolitan challenges the joinder of the nondiverse defendant on the basis of prescription. Metropolitan claims that plaintiffs had knowledge of their claims against Dr. Logan prior to one year before filing this action so that there is no possibility that these plaintiffs could assert a timely claim against him. Issues of prescription are common in products liability cases such as this asbestos case. Since the physical effects of asbestos exposure can take years to manifest themselves, the threshold issue of timeliness arises frequently. *See Trizec Properties v. U.S. Mineral Products Co.,* 974 F.2d 602 (5th Cir.1992); George R. Murphy, *Asbestosis Litigation: Prescription, Contribution, Exposure, Insurance, and the Public Interest,* 54 La.L.Rev. 467 (1993).

Because the issue involved in this remand motion is likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings in this Court pending a decision on the conditional transfer order. The Pennsylvania district court should determine the timeliness of claims for injury from exposure to asbestos, regardless of whether the issue arises on a motion to remand [FN1] or on the merits of the claim. Accordingly,

IT IS ORDERED that the motion to stay proceedings is GRANTED.

> FN1. The timeliness of plaintiffs' claims against Dr. Logan is a factor in determining fraudulent joinder because a defendant claiming fraudulent joinder must show that there is "*no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812 (5th Cir.1993). Proof that plaintiffs' claims against Dr. Logan have prescribed is one method of establishing their inability to state a claim against him.

E.D.La.,1995.
Boudreaux v. Metropolitan Life Ins. Co.
Not Reported in F.Supp., 1995 WL 83788 (E.D.La.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 33911677 (S.D.Fla.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 13

Knearem v. Bayer Corp.
D.Kan.,2002.
Only the Westlaw citation is currently available.
United States District Court,D. Kansas.
Joanne KNEAREM, Individually and on behalf of all other similarly situated, Plaintiff,
v.
BAYER CORPORATION and Bayer AG, a German Corporation, Defendants.
**Civil Action 02-2096-CM.**

May 7, 2002.

MEMORANDUM AND ORDER
CARLOS MURGUIA, District Judge.
**\*1** On January 14, 2002, plaintiff filed this putative class action in the District Court of Johnson County, Kansas. On March 4, 2002, defendants removed this case to federal court. On March 13, 2002, plaintiff filed a Motion to Remand. This matter is before the court on Defendant Bayer Corporation's Motion for Stay of All Pretrial Proceedings Pending Transfer to Multidistrict Proceedings or, in the Alternative, Pending Decision by the United States Supreme Court (Doc. 8).

This purported class action brought against Bayer Corporation is one of more than two hundred pending federal cases, nearly half of which are purported class actions, involving the prescription drug Baycol® . On December 18, 2001, the Judicial Panel on Multidistrict Litigation (JPML) consolidated for pretrial proceedings all federal actions involving Baycol® before Judge Michael Davis in the United States District Court for the District of Minnesota. On April 3, 2002, the JPML ordered a conditional transfer of this case to the District of Minnesota.

Defendant Bayer Corporation requests an order staying all pretrial proceedings in this case pending the decision to transfer this case to the Baycol® Multidistrict Litigation (Baycol® MDL). Plaintiff objects to a stay and instead requests that the court rule on its Motion to Remand. In support, plaintiff cites to *Aetna U.S. Healthcare, Inc. v. Hoescht Aktiengesellschaft,* 54 F.Supp.2d 1042 (D.Kan.1999). In *Aetna,* the court found that little would be gained by a stay of the decision to remand and, accordingly, ruled on plaintiff's motion to remand despite defendants' pending motion to consolidate to multidistrict litigation.

The instant case is, however, distinguishable from *Aetna.* In this case, the central issue regarding a decision to remand involves a determination of the amount in controversy. Specifically at issue in this case is whether plaintiff's request for future medical monitoring is considered injunctive relief and, if so, whether it is appropriate to consider the cost to defendant of injunctive relief as a whole in evaluating the amount in controversy. At present, there is no controlling authority resolving the issue and it appears there is a split among various circuits and district courts. However, the Supreme Court recently granted certiorari in *In re Ford Company/Citibank,* 264 F.3d 952 (9th Cir.2001), *cert. granted sub nom, Ford Motor Company v. McCauley,* 122 S.Ct. 1063 (2002), on a question concerning the valuation of injunctive relief for purposes of determining the amount in controversy under 28 U.S.C. § 1332. A decision by the Supreme Court in *Ford Motor Company v. McCauley* likely would impact a determination of the amount in controversy in the present case.

The court concludes that judicial economy is best served by staying this litigation pending a resolution of the conditional order to transfer. Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings. Then, if this case ultimately is transferred, Judge Davis can decide for all cases involved in the Baycol® MDL whether the jurisdictional requirements are satisfied. Moreover, at that time, Judge Davis may have the benefit of a decision by the Supreme Court in *Ford Motor Company v. McCauley.* Thus, a stay of this litigation will serve the interests of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs in the meantime.

**\*2** IT IS THEREFORE ORDERED that Defendant Bayer Corporation's Motion for Stay of All Pretrial Proceedings Pending Transfer to Multidistrict Proceedings or, in the Alternative, Pending Decision by the United States Supreme Court (Doc. 8) is granted. This action is hereby stayed pending a decision by JPML whether to transfer this case to Baycol® MDL.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2007 WL 549356 (Jud.Pan.Mult.Lit.)  
**(Cite as: --- F.Supp.2d ----)**

Page 14

D.Kan.,2002.  
Knearem v. Bayer Corp.  
Not Reported in F.Supp.2d, 2002 WL 1173551 (D.Kan.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2007 WL 549356 (Jud.Pan.Mult.Lit.)
**(Cite as: --- F.Supp.2d ----)**

Page 15

In re CertainTeed Corp. Roofing Shingle Products Liability Litigation
Jud.Pan.Mult.Lit.,2007.
Only the Westlaw citation is currently available.
Judicial Panel on Multidistrict Litigation.
In re CERTAINTEED CORP. ROOFING SHINGLE PRODUCTS LIABILITY LITIGATION
No. MDL 1817.

Feb. 15, 2007.

**Background:** Plaintiff in one action moved for coordinated or consolidated pretrial proceedings in eight putative class actions pending in seven districts, as well as five potential tagalong actions, arising out of allegations of defective manufacture of roofing shingles.

**Holdings:** The Judicial Panel on Multidistrict Litigation, J. Frederick Motz, Acting Chairman, held that

(1) centralization was warranted, and

(2) transfer of consolidated actions to Eastern District of Pennsylvania was appropriate.

Transfers ordered.

**[1]** Federal Civil Procedure 170A ⚷9

170A Federal Civil Procedure
    170AI In General
        170AI(A) In General
            170Ak8 Consolidation of Actions
                170Ak9 k. Multidistrict Litigation, Consolidation for Pretrial Proceedings. Most Cited Cases
Centralization for pretrial proceedings was warranted, of putative class actions pending in multidistrict litigation and arising out of allegations of defective manufacture of roofing shingles; actions involved common questions of fact, centralization would serve convenience of the parties and witnesses and promote just and efficient conduct of the litigation, and was necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, particularly with respect to issues of class certification, and conserve the resources of the parties, their counsel and the judiciary. 28 U.S.C.A. § 1407.

**[2]** Federal Courts 170B ⚷152.5

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)5 Multi-District Litigation; Transfer for Pre-Trial Proceedings
                170Bk152 Particular Transferable Cases
                    170Bk152.5 k. In General. Most Cited Cases
Eastern District of Pennsylvania was appropriate transferee forum for coordinated or consolidated pretrial proceedings in eight putative class actions pending in seven districts, as well as five potential tagalong actions, arising out of allegations of defective manufacture of roofing shingles; all moving and responding parties agreed to the transfer, the district encompassed the headquarters of the common defendant and its business unit responsible for shingle products, and two of the actions were already pending there before one judge. 28 U.S.C.A. § 1407.

Before WM. TERRELL HODGES,[FN*] Chairman, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

*TRANSFER ORDER*

J. Frederick Motz, Acting Chairman.
**\*1** This litigation currently consists of two actions in the Eastern District of Pennsylvania and one action each in the Northern District of Illinois, Southern District of Iowa, Western District of Kentucky, Eastern District of Michigan, District of Minnesota, and Western District of Wisconsin as listed on Schedule A.[FN1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiff in one Eastern District of Pennsylvania action for coordinated or consolidated pretrial proceedings of these actions in the Eastern District of Pennsylvania. Common defendant CertainTeed Corp. (CertainTeed) supports the motion for transfer. Plaintiffs in the second Eastern District of Pennsylvania action also support the motion, but, in the event the Panel should

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                   Page 16
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

decline to order transfer to the Eastern District of Pennsylvania, also suggest the Southern District of Iowa or the District of Minnesota as an appropriate transferee district.

[1] On the basis of the papers filed and hearing session held, the Panel finds that these eight actions involve common questions of fact, and that centralization of the actions under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The MDL-1817 actions are overlapping putative class actions brought on behalf of owners of buildings with allegedly defective roofing shingles manufactured, warranted, and distributed by CertainTeed. Plaintiffs assert claims of negligence and products liability, among other causes of action, arising from the affected roofing shingles and the resultant property damage alleged. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to issues of class certification; and conserve the resources of the parties, their counsel and the judiciary.

[2] Given the agreement of all moving and responding parties to transfer under Section 1407 to the Eastern District of Pennsylvania, this district stands out as an appropriate transferee forum for this litigation. This district encompasses the headquarters of the common defendant and its business unit responsible for shingle products, while two of the eight actions, both of which are putative nationwide class actions, are already pending there before one judge. Centralization in this forum also permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on a steady and expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Louis H. Pollak for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

*MDL-1817-In re CertainTeed Corp. Roofing Shingle Products Liability Litigation*

*Northern District of Illinois*

**\*2** *Dawn Lynn Johnson v. CertainTeed Corp.,* C.A. No. 1:06-4864

*Southern District of Iowa*

*Dean Conrad v. CertainTeed Corp.,* C.A. No. 4:06-420

*Western District of Kentucky*

*Tina Fitzner v. CertainTeed Corp.,* C.A. No. 3:06-488

*Eastern District of Michigan*

*David Butz, et al. v. CertainTeed Corp.,* C.A. No. 2:06-14357

*District of Minnesota*

*Gerald Brenden, et al. v. CertainTeed Corp.,* C.A. No. 0:06-3579

*Eastern District of Pennsylvania*

*Catherine Barrett v. CertainTeed Corp.,* C.A. No. 2:06-4117
*Roger Dunker, et al. v. CertainTeed Corp.,* C.A. No. 2:06-4243

*Western District of Wisconsin*

*Nancy Hollis, et al. v. CertainTeed Corp.,* C.A. No. 3:06-525

FN* Judges Hodges and Jensen took no part

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                    Page 17
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

    in the decision of this matter.

    FN1. The Panel has been notified of five related actions. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Jud.Pan.Mult.Lit.,2007.
In re CertainTeed Corp. Roofing Shingle Products Liability Litigation
--- F.Supp.2d ----, 2007 WL 549356 (Jud.Pan.Mult.Lit.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 18
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

U.S. Bank v. Royal Indem. Co.
N.D.Tex.,2002.
Only the Westlaw citation is currently available.
United States District Court, N.D. Texas, Dallas Division.
U.S. BANK, NATIONAL ASSOCIATION as Trustee, and Bluebonnet Savings Bank FSB, Plaintiffs,
v.
ROYAL INDEMNITY COMPANY, Defendants.
**No. CIV.A.3:02-CV-0853-P.**

Sept. 23, 2002.

Defrauded investor brought action against bankrupt investment seller's surety. On surety's motion to stay pending multidistrict litigation, the District Court, Solis, J., held that stay was warranted.

Motion granted

West Headnotes
**Action 13 ⚿69(5)**

13 Action
   13IV Commencement, Prosecution, and Termination
      13k67 Stay of Proceedings
         13k69 Another Action Pending
           13k69(5) k. Nature and Subject Matter of Actions in General. Most Cited Cases
Stay of defrauded investor's suit against investment seller's surety was warranted pending ruling on surety's motion to consolidate action with five related actions brought by other investors in other federal district courts; requiring surety to proceed with multiple suits would cause hardship, while availability of prejudgment interest assured that investor would be compensated for any delay.

MEMORANDUM ORDER AND OPINION
SOLIS, District J.
**\*1** Presently before the Court is:
1. Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation filed July 23, 2002, with supporting Brief and Appendix, and Response and Reply thereto,
2. Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay, filed September 11, 2002, and Response thereto, and

3. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, filed September 9, 2002, with supporting Brief.

After careful consideration of the parties' briefs, and the applicable law, the Court hereby GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation, STAYS Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and DENIES Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay.

BACKGROUND

On July 15, 2002, Royal Indemnity Company ("Royal") submitted a Motion to Transfer and Consolidate ("MDL Motion") this action, and nine other actions with the Judicial Panel on Multidistrict Litigation ("JPML"). The related actions are pending before five different federal district courts. Defendants contend that all of the related actions arise from a complicated Ponzi scheme operated by Commercial Money Center, Inc. ("CMC"). In this action, Bluebonnet Savings Bank FSB ("Plaintiff" or "Bluebonnet") sued Royal, as did various other plaintiffs around the country, claiming Royal had to make Plaintiff whole for losses incurred as a result of CMC's scheme.

CMC originated leases, then pooled the leases and assigned the rights to the monthly lease payments to investors, such as Plaintiff. Def.'s Mot. to Stay at 2. Before selling the lease pools, CMC obtained lease bonds from surety companies, including Royal. *Id.* In April 1998, Plaintiff purchased the right to monthly lease payments for certain lease pools from CMC. *Id.* In November 2000, Royal issued lease bonds in favor of CMC. Pl.'s Rsp. to D.'s Mot. to Stay at 3. In December 2001, CMC defaulted on the lease pools. Royal began receiving demands from investors, including Plaintiff, for payment under the bonds.

Royal filed suit against CMC in the Southern District of California. Thereafter, Royal alleges that it discovered that most of CMC's leases were fraudulent. CMC filed for bankruptcy, and Royal has been sued in various courts around the county regarding recovery on these bonds. Because of Royal's contention that the CMC program lies at the

Not Reported in F.Supp.  
Not Reported in F.Supp., 1992 WL 102762 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 2

heart of the allegations country wide, and at the heart of Royal's defenses to all of the Plaintiffs' claims, Royal filed a motion with the JPML to transfer and consolidate this action with the nine other similar actions pending around the country. Accordingly, Royal filed this Motion to Stay Proceedings Pending Multidistrict Litigation.

DISCUSSION

A. DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING MULTIDISTRICT LITIGATION MOTION

Royal filed this motion after repeated attempts to reach an agreement with Plaintiff as to staying the proceedings in this Court pending an outcome from the JPML. While Royal claims that Plaintiff was unwilling to agree to a stay, Plaintiff, in their Response to Defendant's Motion to Stay Proceedings, does in fact agree to a partial stay on the issue of discovery. Because this stay on discovery is unopposed, the Court GRANTS Defendant's Motion to stay discovery.

**\*2** However, Plaintiff opposes Defendant's request to stay all proceedings. The Court has sole discretion to stay discovery proceedings. *In re Air Crash Disaster at Paris, France on March 3, 1974,* 376 F.Supp. 887, 888 (J.P.M.L.1974). The Court in *Trinity Industries* in examining a motion to stay, considered (1) the hardship and inequity to the moving party if the action is not stayed, (2) the potential prejudice to the non-moving party, and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Trinity Industries, Inc. v. 188 L.L.C.,* 2002 U.S. Dist. LEXIS 10701 at \*7-9 (N.D.Tex. Jun. 13, 2002).

The undue hardship that Royal contends it will suffer is enormous waste of time, money, and judicial resources associated with repetitive and overlapping discovery, as well as undue hardship on the parties and witnesses. This Court agrees that if Royal is forced to conduct discovery and file dispositive motions with the Court, that an excessive amount of time, money and energy could potentially be wasted.

Furthermore, Plaintiff alleges that it will suffer undue hardship if the stay is granted; Plaintiff states that if this Motion is granted, that is "one less day [plaintiff] has the monetary resources at its disposal that Royal owes under the lease bonds." Pl.'s Rsp. to Def.'s Mot

to Stay at 6. However, Royal notes that the only remedy Plaintiff seeks is monetary damages, including pre-judgment interest. Def's Mot. to Stay at 7. Thus, if Plaintiff proves its allegations, it will be fully compensated for any delay caused by the brief stay requested.

Finally, the Court recognizes that by granting the stay, the Court will avoid the unnecessary waste of judicial resources if the MDL Motion is ultimately granted. If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted.

Thus, the Court GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation.

B. DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANT'S MOTION TO STAY

Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint on September 9, 2002. On September 10, 2002, Plaintiff filed Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment. On September 11, 2002, Plaintiff filed its Motion for Leave to File Sur-Reply to Defendant's Motion to Stay. On September 12, 2002, Plaintiff filed Notice of Withdrawal of Request for Entry of Default Judgment.

Notwithstanding Defendant's Motion to Stay, Defendant filed its Motion to Dismiss. Included as Exhibit A to Defendant's Motion to Dismiss was a copy of the letter sent to Defendant by Plaintiff informing Defendant that if Defendant did not file an answer by September 9, 2002, Plaintiff would file Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment, apparently unconcerned that the Court would be deciding Defendant's Motion to Stay at that time. Thus, Defendant filed its Motion to Dismiss in lieu of answering, avoiding the necessity of Plaintiff's Default actions. However, despite the fact that Plaintiff knew Defendant filed its Motion to Dismiss, Plaintiff nonetheless filed Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment, apparently unconcerned about wasting the Court's time.[FN1] Subsequently, at the insistence of Defendant, Plaintiff withdrew its request for entry of default two days later.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1992 WL 102762 (E.D.Pa.)  
**(Cite as: Not Reported in F.Supp.)**

Page 3

FN1. Defendant's Response and Opposition to Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay states that with Plaintiff's full knowledge that Defendant filed its Motion to Dismiss on September 9, 2002, Plaintiff nonetheless filed request for default on September 10, 2002.

*3 After Defendant filed its Motion to Dismiss, Plaintiff filed a Motion for Leave to File Sur-Reply to Defendant's Motion to stay, claiming that "Royal's Motion to Dismiss asserts a position diametrically opposed to the relief requested in its Motion for Stay ." Letter to Court from Plaintiff dated Sept. 11, 2002. Plaintiff further stated that in light of Royal's exceptional action of seeking dispositive relief that directly undermined its arguments in favoring a stay, plaintiff sought leave to file a sur-reply. *Id.*

The Court can clearly see that Defendant filed its Motion to Dismiss, notwithstanding its Motion to Stay, in response to Plaintiff's threat of impending filing of Clerk's Entry of Default, Request for Default Judgment and Proposed Final Judgment. It seems to the Court that Defendant's actions are not so "diametrically opposed" to its position taken in its Motion to Stay, but taken to head off the unnecessary paper filed with the Court, which was nonetheless unnecessarily filed.

Accordingly, the Court STAYS Defendant's Motion to Dismiss, as well as all other proceedings in this matter. Likewise, the Court DENIES Plaintiff's Motion for Leave to File Sur-reply to Defendant's Motion to Stay.

CONCLUSION

Accordingly, after careful consideration of the parties' briefs, and the applicable law, the Court hereby GRANTS Defendant's Motion to Stay Proceedings Pending Multidistrict Litigation, STAYS Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, and DENIES Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion to Stay.

IT IS SO ORDERED

N.D.Tex.,2002.  
U.S. Bank v. Royal Indem. Co.  
Not Reported in F.Supp.2d, 2002 WL 31114069 (N.D.Tex.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.