UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lauri A. Osborne, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 3:07-cv-00469 (RNC) |
| Plaintiff ) | **CLASS ACTION** |
| vs. ) ) ) | |
| Menu Foods, Inc. ) ) | May 21, 2007 |
| Defendant ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO STAY ALL PROCEEDINGS**

Defendant Menu Foods, Inc., by its attorneys, and for its reply in support of its motion to stay all proceedings hereby states as follows:

**INTRODUCTION**

In her objection to Defendant's motion to stay, Plaintiff admits that the hearing before the Judicial Panel on Multidistrict litigation is set for **May 31, 2007**. Plaintiff also admits that there are various motions pending to transfer all cases involving the Menu Foods pet food recall to other jurisdiction and that this case could be transferred following the hearing. Conceding these points, Plaintiff still argues that the Court should deny Defendant's motion to stay pursuant to Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and proceed with discovery.

Plaintiff attaches an Arkansas District Court's opinion in a separate action denying Defendant's motion to stay in support of her position. (*See* **Exhibit A** of Plaintiff's response, Doc. #9-1.) Plaintiff, however, conveniently neglects to mention that the Arkansas matter is the only case

1

only case one out of approximately 40 cases where a district court denied Defendant's motion to stay. (*See,* Suppl. Suport of Motion to Stay filed on May 9, 2007, Doc. #8; Rhode Island order granting defendants' motion to stay attached hereto as **Exhibit A**.) In addition, Plaintiff states in her response that there is no order requiring the Defendant to preserve evidence, but neglects to inform this court that many of the stay orders in other jurisdictions order the preservation of evidence.

The most glaring omission from the Plaintiff's response is her filing with the Judicial Panel on Multidistrict Litigation ("JPML") seeking transfer of this and all other federal cases to the District of New Jersey for coordination and consolidation. (*See attached* **Exhibit B**.) How the Plaintiff can oppose entry of a stay in a matter she is currently seeking to have transferred to another District Court is beyond comprehension. Plaintiff seeks to waste the parties and this Court's precious resources when in a mere ten days she intends to ask the JPML to divest this court of jurisdiction. Simply put, Plaintiff's response is ill-founded, and offers no rational basis for her opposition to entry of a stay pending transfer by the JPML. Defendant's Motion to Stay should therefore be granted.

## ARGUMENT

Plaintiff argues that she will be prejudiced by a stay because it may be two months before the Court decides whether to certify the class and/or transfer the matter. Defendant is not asking this Court to stay the proceedings indefinitely, but rather only until the Judicial Panel hears the MDL Motions (Collectively known as "MDL 1850 - *In re Pet Food Products Liability Litigation*."). The Judicial Panel has issued a Notice of Hearing Session that it will consider the MDL Motions on **May 31, 2007**, less than two weeks from the filing of this reply. (*See* April 12, 2007 Notice of

2007 Notice of Hearing *attached as* **Exhibit E** to Defendant's Memorandum in Support of Motion to Stay, Doc. #7-4.)

Additionally, Plaintiffs contend that Defendant's motion to stay should be denied while the motions to transfer and consolidate are concurrently pending without citing to a single opinion by this Court or the Second Circuit to support her proposition. It is well-settled under Connecticut law that the Courts may stay discovery until after ruling on plaintiff's motion for class certification. *In Re First Constitution Shareholders Litigation v. First Constitution Financial Corp.*, 145 F.R.D. 291 (D. Conn. 1991). A stay is especially appropriate in the cases where discovery requests will be detailed and comprehensive and would require the defendant to expend significant effort in responding. *Id.* at 293.

This case involves the largest pet food recall in United States history, with more than one hundred different types of pet foods. Currently, there are more than 80 cases that seek relief for individuals who purchased allegedly contaminated pet food from Menu Foods. Yet no discovery has taken place in any of the pending cases. The Courts have granted motions to stay in approximately 40 cases to date. Given the complexity of this case, it is likely that discovery will be protracted and it is highly unlikely that the case will be tried within the immediate future. Undoubtedly, Defendant will have to produce thousands of documents during discovery related to the allegedly contaminated pet food. Absent a stay, Defendant will have to duplicate efforts and expend significant resources defending multiple cases in jurisdictions around the country.

In addition, once the JPML renders a decision on the various motions to transfer pending across the country, including the **Plaintiff's own request to divest this Court of its jurisdiction** by relocating this action to New Jersey, the case could be transferred and all previous discovery orders

orders vacated. This Court should not unnecessarily use its resources to supervise pre-trial proceedings and make rulings in a case which may shortly be transferred to another district court and/or judge for further pretrial proceedings. It is in the interest of judicial economy to issue a stay. None of the pending cases are advanced and no discovery has been conducted.

In contrast, Plaintiff will suffer no hardship or prejudice if Defendant's motion to stay is granted. For one, Defendant did not ask for an indefinite stay, but only while the transfer decision by the Judicial Panel and determination of class certification is pending. The hearing on the MDL motions will take place in a matter of days and the JPML will render its decision soon thereafter. In the unlikely event that the JPML denies the motions for multidistrict litigation, Plaintiff will have ample time to conduct discovery on the merits of her claims at that time. Plaintiff will not be prejudiced if discovery is stayed for what is expected to be a short period of time.

Absent a stay, the Defendant would be substantially prejudiced by duplicative discovery and expending significant resources defending multiple cases in jurisdictions around the country. Conversely, any slight delay that Plaintiffs may experience will be minimal. Given the high probability of consolidation, and in order to promote the goals of Section 1407 of avoiding duplicative efforts and inconsistent rulings, this Court should stay these proceedings pending the transfer decision by the Judicial Panel and determination on class certification by the transferee court.

## **CONCLUSION**

For the foregoing reasons, Defendant Menu Foods, Inc., respectfully requests that this Court enter an order staying further proceedings in this matter, including but not limited to the Defendant's obligation to file responsive pleadings, pending the transfer decision by the Judicial Panel and a determination of class certification by the transferee court.

>                    DEFENDANT,
> 
>                    BY:   /s/ Jennifer Katz
>                    Jennifer Katz
>                    Fed. Bar. No. ct26887
>                    Matthew G. Conway
>                    Fed. Bar. No. ct09612
>                    Conway & Stoughton, LLP
>                    818 Farmington Avenue
>                    West Hartford, CT 06119
>                    (860) 523-8000
>                    (860) 523-8002 (fax)

**<u>CERTIFICATION</u>**

I hereby certify that on the May 21, 2007, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Jennifer Katz
_____
Jennifer Katz